UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEBERSON QUADRELLI and ABDY NIZEYIMANA, on behalf of themselves and all others similarly situated | ) ) ) ) ) |  |
| Petitioners, | ) ) |  |
| v. | ) ) | C.A. No. 20-10685-ADB |
| ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility, | ) ) ) ) |  |
| Respondent. | ) ) |  |

**EMERGENCY MOTION
FOR ORDER HALTING TRANSFERS
OF CLASS MEMBERS OUT OF THE DISTRICT
AND TO ADDRESS PROPOSED TRANSFERS AT JUNE 11 STATUS CONFERENCE**

This morning, the Court certified a class in this matter, defined as including "[a]ll civil immigration detainees who are Petitioners in this action (i.e., who signed the original petition, [ECF No. 1]) or are otherwise presently detained in Unit C-3 at the [Plymouth County Correctional Facility (the "PCCF")]."

Several hours later, ICE reportedly informed multiple detainees in Unit C-3 at the PCCF that they are being transferred tomorrow, June 9, 2020, to a different detention facility in Alabama. Undersigned counsel have conferred with counsel for the government, who stated that 25 immigration detainees are, in fact, being moved out of the PCCF, eight of whom are in Unit C-3. Three of those eight detainees are purportedly being moved for purposes of effectuating removal. However, the other five are purportedly being transferred to an Alabama facility solely for the

1


purpose of reducing the population in Unit C-3. Counsel for the government believes these transfers will take place tomorrow. Undersigned counsel understand that some of these detainees have lawyers, pending court matters, and family in Massachusetts, and also that at least three of the five have pending BIA appeals.

Undersigned counsel are deeply concerned that ICE is attempting to deplete the class to frustrate the Court's ability to grant these class members relief. Further, counsel are concerned that they have been provided no information about the conditions in the Alabama facility to which the detainees are being transferred. Counsel for the government has represented that the Alabama facility has more space, but undersigned counsel have no information confirming that is true, and have no information concerning whether that Alabama facility is undertaking COVID-19 precautions comparable to those presently in place at Plymouth. According to ICE, at least one detainee at that facility (Etowah) has previously tested positive,[1] and counsel understand that there is also ongoing litigation alleging unsafe conditions at that facility in light of the COVID-19 pandemic.[2] Although counsel have had no time to research this facility, it appears that an attorney who routinely represents clients detained there submitted a declaration outlining disturbing and dangerous conditions,[3] and the Etowah facility appears to be generally notorious for its poor conditions.[4] Additionally, as far as counsel are aware, the class members are being transferred without being tested themselves for COVID-19, a dangerous practice that Judge Young has enjoined in *Savino*. *See Savino v. Souza*, No. 20-10617, 2020 WL 2404923, at *11 (D. Mass. May

---

[1] *See* https://www.ice.gov/coronavirus

[2] *See* https://ccrjustice.org/home/what-we-do/our-cases/williams-v-horton.

[3] *See* https://ccrjustice.org/sites/default/files/attach/2020/04/2-33%20Jessica%20Myers%20Vosburgh.pdf.

[4] *See* https://www.splcenter.org/20161121/shadow-prisons-immigrant-detention-south#county%20contract.

12, 2020). It therefore appears highly likely this transfer will place the class members, and potentially other detainees, at *greater* risk of serious illness or death in violation of their rights.

Accordingly, undersigned counsel respectfully requests that the Court immediately order that class members shall not be transferred from the District pending the Court's consideration of this issue, and that the Court consider these matter on the status conference scheduled for June 11. These matters fall within the Court's inherent power to preserve its jurisdiction and control the movements of habeas petitioners with matters before Court. They also falls within the Court's jurisdiction to review claims arising from transfers that (as here) are independent of the removal process. *See Aguilar v. ICE*, 510 F.3d 1, 11, 21 (1st Cir. 2007).

Respectfully Submitted,

*/s/ Daniel L. McFadden*

Wm. Shaw McDermott (BBO # 330860)
Andrew C. Glass (BBO # 638362)
Christopher F. Warner (BBO # 705979)
Molly R. Maidman (BBO # 705600)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3120
shaw.mcdermott@klgates.com
andrew.glass@klgates.com
chris.warner@klgates.com
molly.maidman@klgates.com

Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
Laura K. McCready (BBO # 703692)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.

211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org
lmccready@aclum.org

David C. Fathi (WA 24893)\*\*
Eunice H. Cho (WA 53711)\*\*
AMERICAN CIVIL LIBERTIES UNION FOUDATION,
NATIONAL PRISON PROJECT
915 15th St. N.W., 7th Floor
Washington, DC  20005
T: 202-548-6616
E: dfathi@aclu.org
E: echo@aclu.org

Michael K. T. Tan\*
Anand V. Balakrishnan\*
Rebecca A. Ojserkis\*
Omar C. Jadwat\*
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org
abalakrishnan@aclu.org
rojserkis@aclu.org
ojadwat@aclu.org

Sarah Sherman-Stokes (BBO# 682322)
Associate Director
IMMIGRANTS' RIGHTS AND HUMAN TRAFFICKING
PROGRAM
BOSTON UNIVERSITY SCHOOL OF LAW
765 Commonwealth Avenue
Room 1302F
Boston, MA 02215
T. 617-358-6272
sstokes@bu.edu

Susan B. Church (BBO# 639306)
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01

Cambridge, MA 02139
Tel. (617) 354-3944
sbc@demissiechurch.com

Kerry E. Doyle (BBO# 565648)
GRAVES & DOYLE
100 State Street, 9th Floor
Boston, MA 02109
(617) 542-6400
kdoyle@gravesanddoyle.com

Date: June 8, 2020

Local Rule 7.1 Certification

I certify that I conferred with opposing counsel in a good faith attempt to narrow or resolve the issues presented in this motion.  Opposing counsel opposes this motion.

| | |
|---|---|
| June 8, 2020 | */s/ Daniel L. McFadden* <br> Daniel L. McFadden |