# EXHIBIT A

DECLARATION OF ASSISTANT FIELD OFFICE DIRECTOR

<u>ALAN GREENBAUM</u>

Pursuant to the authority of 28 U.S.C. § 1746, I, Alan Greenbaum, an Assistant Field Office Director for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts, declare as follows:

1. I am an Assistant Field Office Director ("AFOD") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE").  I have held this position since August 2017.

2. In my official duties as an AFOD in Burlington, Massachusetts, I am responsible for managing the detention of individuals in order to initiate removal proceedings or to effectuate removal orders and for scheduling and execution of removal orders for aliens in ICE custody.  I am familiar with ICE policies and procedures for detaining individuals as well as releasing individuals from ICE custody.

3. I have experience utilizing ICE record systems to obtain information regarding specific aliens.  ICE maintains electronic and paper records on aliens in the course of its regularly conducted business activity. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events.  In preparing this declaration, I have examined ICE official records, including the Enforce Alien Removal Module ("EARM") and PLAnet.  EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens.  These databases are the electronic records ordinarily relied upon

to ascertain an alien's immigration and criminal history, current case status, and plans for removal, if any.

4. In the course of preparing this declaration, I have examined the official records available to me regarding the Mohammad Ahmed A203 653 274, Mohammad Rasel A203 653 281, and Abdur Rahim A215 975 499 all citizens of Bangladesh, ("Petitioners"). I have also discussed these cases internally with Officers within my office.

5. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other ICE employees, employees of ICE contract facilities, and information portals maintained and relied upon by ICE in the regular course of business.

6. ICE is in possession of necessary travel documents to effectuate the removal of Petitioners, all of whom have final orders of removal from the United States.

7. ICE scheduled these Petitioners for transfer on June 9, 2020 at least as early as Wednesday June 3, 2020 when ICE compiled its weekly transfer list.

8. Petitioners are scheduled for transfer from the Plymouth County Correctional Facility (PCCF) at 4:00 AM on Tuesday June 9, 2020, to the ICE office located in Burlington, MA for processing. Immediately following processing, Petitioners are to be transferred by ground transport to Pease International Airport in Portsmouth, NH where they would board an ICE charter aircraft and travel to Alexandria, LA. On Wednesday June 10, 2020, Petitioners will travel via ICE charter aircraft to Dallas, TX, where they will be staged for an ICE charter flight to Bangladesh on June 15, 2020.

9. Prior to departing PCCF, petitioners will be screened for symptoms of COVID-19, to include questions regarding symptoms and temperature check. Such screenings occur at each leg of transit.

10. Per ICE COVID-19 Response Guidance, all persons onboard the flight wear surgical masks, are symptom screened, to include body temperature. Any person exhibiting symptoms of COVID-19 are excluded from the flight, isolated and tested for COVID-19.

11. Prior to boarding any ICE charter flight all detainees are evaluated and symptom screened by an Immigration Health Service Corps (IHSC) flight nurse. Any detainee not passing symptom screening and temperature check is not permitted to board.

12. Petitioners must be at the staging location no later than June 11, 2020, in order to provide time for medical evaluation prior to departure to Bangladesh.

13. In the alternative to the travel plans described above, should petitioners not be permitted to travel via ICE charter on June 9, 2020, ICE ERO Boston would be required to transfer to Dallas via commercial air carrier under escort, at great financial expense to the Government and without the ability to travel with an IHSC flight nurse and without the ability to ensure all persons aboard the commercial flight are wearing surgical masks and have been symptom screened and temperature checked prior to boarding such flight

14. It is unknown when the next charter removal flight to Bangladesh will occur.  It is also unknown whether ICE would be able to effectuate removal to Bangladesh via commercial removal at this time due to restrictions on international travel.

15. ICE is statutorily mandated to effectuate removal within a specified time period and therefore is seeking to effectuate lawful orders of removal as directed by Congress as to the removal of these three Petitioners.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the eighth day of June, 2020

ALAN H GREENBAUM   Digitally signed by ALAN H GREENBAUM
Date: 2020.06.08 22:15:51 -04'00'

Alan Greenbaum
Assistant Field Office Director
U.S. Department of Homeland Security
United States Immigration and Customs Enforcement
Burlington, Massachusetts