UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDY NIZEYIMANA, on behalf of himself and all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-10685-ADB |

**RESPONDENT ANTONE MONIZ'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF HIS OPPOSITIONS TO PETITIONERS' MOTION FOR BAIL HEARINGS AND MOTION FOR DISCOVERY, AND REQUEST FOR A BRIEFING SCHEDULE ON THE MERITS OF PETITIONERS' HABEAS CLAIM**

PLEASE TAKE NOTICE that Respondent Antone Moniz ("Respondent"), Superintendent of the Plymouth County Correctional Facility ("PCCF"), by and through his attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits Judge Sorokin's recent decision in a substantially identical case. Doc. # 19, *Silva v. Moniz*, No. 20-11144 (D. Mass.), attached as <u>Exhibit A</u> hereto. Just like Petitioners here, the petitioner in *Silva* is an ICE detainee who filed a habeas petition alleging a violation of the Fifth Amendment based on his continued detention at PCCF in light of the risk of harm posed by COVID-19. *Id.* at 1. And, just like this case, the petitioner in *Silva* sought release both as a final remedy under the habeas statute and as an interim remedy under *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). Indeed, the operative class petition in this case is substantially identical to the petition in *Silva*. *Compare* Doc. # 119 (operative class petition in this case), *with* Doc. # 1, *Silva v. Moniz*, No. 20-11144 (D. Mass.) (habeas petition in *Silva*).

Yesterday, September 10, 2020, Judge Sorokin dismissed the petition in *Silva*. Ex. A. Referencing his earlier decision in another similar case (*Baez v. Moniz*), Judge Sorokin found that the petitioner in *Silva* "has not plausibly alleged a Fifth Amendment claim arising from the general conditions at PCCF or the respondent's overall response to the current crisis":

> This Court has elsewhere concluded that detainees challenging PCCF's response to the COVID-19 crises were not likely to succeed on the merits of substantially similar Fifth Amendment challenges. *See Baez*, 2020 WL 2527865, at *7-9 (denying injunctive relief to class of pretrial detainees at PCCF, in a case where the petitioner had adduced more evidence to support their claims than Silva has here, finding no likelihood of success due to the apparent reasonableness of the steps the respondent had taken to limit the risk of the virus entering the facility, to control and mitigate against the spread of the virus inside the facility, and to identify and monitor detainees and staff who might have been exposed to the virus). Silva has made no allegations, let alone offered evidence, to suggest conditions at PCCF in general are different now than they were when the Court rendered its decision in *Baez*, or that conditions in his housing unit differ in any material respect from the conditions in the units of the federal detainees considered in *Baez*. As such, *the Court finds he has not plausibly alleged a Fifth Amendment claim arising from the general conditions at PCCF or the respondent's overall response to the current crisis*.

Ex. A at 8 – 9 (emphasis supplied).

In this case, as demonstrated in Respondent's opposition and sur-reply papers, Petitioners are not entitled to the extraordinary remedy of interim release under the Second Circuit's decision in *Mapp* unless they show a "substantial claim" that Respondent acted with deliberate indifference. Doc. # 190; Doc. # 203. As demonstrated in Respondent's extensive factual return (consisting of numerous unique declarations from witnesses with firsthand knowledge and other materials), Petitioners cannot satisfy that high bar based on the conditions at PCCF—as Judge Sorokin's recent decision in *Silva* serves to confirm.

**CONCLUSION**

For these reasons, and those set forth in Respondent's earlier filings, Respondent respectfully requests that the Court (1) deny Petitioners' motion for bail hearings (Doc. # 148), (2) deny Petitioners' motion for discovery (Doc. # 176), and either (3) allow Respondent's pending motion to dismiss (Doc. # 151) or (4) set a briefing schedule on the merits of Petitioners' habeas claim.

                Respectfully submitted,

                ANTONE MONIZ
                Superintendent of the Plymouth
                County Correctional Facility

                By his attorneys,

                ANDREW E. LELLING,
                United States Attorney

By:   */s/ Jason C. Weida*
       Jason C. Weida
       Assistant U.S. Attorney
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, Massachusetts  02210
       (617) 748-3180
Dated:  September 11, 2020        Jason.Weida@usdoj.gov