UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABDY NIZEYIMANA, on behalf of himself and all others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility,<br><br>Respondent. | C.A. No. 20-10685-ADB |

**PETITIONERS' RESPONSE TO RESPONDENT'S UPDATED STATUS REPORT (D.E. 251) AND NOTICE OF SUPPLEMENTAL INFORMATION (D.E. 252)**

In his Updated Status Report (D.E. 251), Respondent reported two confirmed positive cases of COVID-19 at the Plymouth County Correctional Facility (PCCF). In response, Petitioners respectfully note that the PCCF's negligible testing makes it impossible to assess the extent of this active outbreak. Attached hereto as Exhibit A is a true and accurate excerpt of the Special Master's Weekly Report filed on September 10, 2020, in *Committee for Public Counsel Services v. Chief Justice of the Trial Court*, No. SJC-12926. The report reflects that, during each of the last four weeks, the PCCF has administered COVID-19 tests to only one or two people out of its incarcerated population of over six hundred. *See* Ex. A app at 33-34. Moreover, between April 13 and September 9, 2020, the PCCF did not test any of its employees for COVID-19. *See id* at app 34. These data reveal that we have no way of knowing how many staff and prisoners at the PCCF are currently infected with COVID-19.

In addition, Petitioners respectfully note that the active outbreak of unknown size underscores the importance of Petitioners' discovery motion (D.E. 176). Among other relevant

documents, Petitioners have requested but have not received (1) the PCCF's policies and procedures concerning the detection, control, and treatment of COVID-19, which would include the PCCF's contact-tracing and quarantine protocols (D.E. 176, Ex. A, Requests 1-3); and (2) communications between ICE and the PCCF regarding COVID-19 (D.E. 176, Ex. A, Requests 13-14). Without those documents, Petitioners lack the basic information necessary to gauge the danger the current outbreak poses to class members. For example, the assertion that the employee who tested positive on September 8 had "close contact" with only three employees and no prisoners begs the question of how the facility defines "close contact." Moreover, Petitioners lack critical information about the current outbreak, such as when the infected employees first showed symptoms. Petitioners likewise have no way of confirming that – as the government suggests – the employee contracted the virus from a family member, *see* D.E. 248, rather than the other way around. These unanswered questions demonstrate that both Petitioners and the Court will require the requested discovery in order to assess the PCCF's response to the pandemic.

Respondent's Notice of Supplemental Authority (D.E. 252) argues that the recent order in *Silva v. Moniz*, No. 20-11144, weighs against Petitioners' discovery and bail motions. But the *Silva* reasoning depends on the absence of active cases at the PCCF; although a PCCF employee tested positive for COVID-19 on September 8 (D.E. 248), and the *Silva* order issued on September 10, the court in that case had not been made aware of the active infections. *See Silva v. Moniz*, No. 20-11144, slip op. at 8-9 n.7 (D. Mass. Sep. 10, 2020) (noting erroneously that there were "currently no 'active' cases in the facility"). The *Silva* decision is therefore inapplicable in light of the active outbreak. Furthermore, as Respondent recognizes, the *Silva* decision relies on the reasoning in the earlier case of *Baez v. Moniz*, No. 20-CV-10753-LTS, 2020 WL 2527865 (D. Mass. May 18, 2020). But for the reasons discussed in the memorandum in support of Petitioners'

bail motion, D.E. 149 at 11-12, Petitioners' claims in this case differ from the claims raised in *Baez*, most notably because Petitioners in this case argue that the lack of testing at the PCCF renders its COVID-19 response unconstitutional, and *Baez* did not address that claim.

Respectfully Submitted,

*/s/ Laura K. McCready*

Wm. Shaw McDermott (BBO # 330860)
Andrew C. Glass (BBO # 638362)
Christopher F. Warner (BBO # 705979)
Molly R. Maidman (BBO # 705600)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3120
shaw.mcdermott@klgates.com
andrew.glass@klgates.com
chris.warner@klgates.com
molly.maidman@klgates.com

Matthew R. Segal (BBO # 654489)
Daniel McFadden (BBO # 676612)
Adriana Lafaille (BBO # 680210)
Laura K. McCready (BBO # 703692)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
alafaille@aclum.org
lmccready@aclum.org

David C. Fathi (WA 24893) (*pro hac vice*)
Eunice H. Cho (WA 53711) (*pro hac vice*)

AMERICAN CIVIL LIBERTIES UNION FOUDATION,
NATIONAL PRISON PROJECT
915 15th St. N.W., 7th Floor
Washington, DC  20005
T: 202-548-6616
E: dfathi@aclu.org
E: echo@aclu.org

Michael K. T. Tan (*pro hac vice*)
Anand V. Balakrishnan (*pro hac vice*)
Rebecca A. Ojserkis (*pro hac vice*)
Omar C. Jadwat (*pro hac vice*)
ACLU FOUNDATION IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004
Tel: 212-549-2660
mtan@aclu.org
abalakrishnan@aclu.org
rojserkis@aclu.org
ojadwat@aclu.org

Sarah Sherman-Stokes (BBO# 682322)
Associate Director
IMMIGRANTS' RIGHTS AND HUMAN TRAFFICKING
PROGRAM
BOSTON UNIVERSITY SCHOOL OF LAW
765 Commonwealth Avenue
Room 1302F
Boston, MA 02215
T. 617-358-6272
sstokes@bu.edu

Susan B. Church (BBO# 639306)
DEMISSIE & CHURCH
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139
Tel. (617) 354-3944
sbc@demissiechurch.com

4

        Kerry E. Doyle (BBO# 565648)
        GRAVES & DOYLE
        100 State Street, 9th Floor
        Boston, MA 02109
        (617) 542-6400
        kdoyle@gravesanddoyle.com

Date: September 15, 2020